

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-87,795-01 & WR-87,795-03

### EX PARTE EVERETT CORNELIUS GRAY, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. W15-71448-I(A) & W15-55801-I(A)
### IN THE CRIMINAL DISTRICT COURT NO. 2
### FROM DALLAS COUNTY

*Per curiam.*

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of unlawful possession of a firearm by a felon and illegal barter, expenditure, or investment. He was sentenced to ten and twenty years' imprisonment, respectively. He did not appeal his convictions.

Applicant contends, among other things, that his trial counsel rendered ineffective assistance because he misadvised Applicant about his eligibility for community supervision, and because he wrongly allowed Applicant to waive his appellate rights. The habeas court recommends granting

Applicant an out-of-time appeal because his allegedly timely notice of appeal was not forwarded to the appellate court.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to file a supplemental response to Applicant's claims of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall make specific findings addressing whether Applicant had a right to appeal and, if so, whether he knowingly waived his right to appeal. The trial court shall also make specific findings detailing how counsel advised Applicant of his eligibility for community supervision in these cases. Should the trial court find that counsel erred, it shall make further findings as to whether Applicant's pleas were involuntary. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

These applications will be held in abeyance until the trial court has resolved the fact issues.

The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed:  September 12, 2018
Do not publish